UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

LUXOTTICA GROUP S.p.A., an
Italian corporation,

        Plaintiff,

vs.

L&L WINGS, INC., a foreign corporation,
and SHAUL LEVY, individually,

        Defendants.
_____/

## COMPLAINT

Plaintiff Luxottica Group S.p.A. ("Luxottica Group"), by and through undersigned counsel, hereby sues Defendants L&L Wings, Inc. and Shaul Levy (collectively, "Defendants"), and alleges:

## INTRODUCTION

1. This case concerns the violation of the intellectual property rights of Luxottica Group by Defendants' sale of sunglasses and related accessories in Florida and California bearing counterfeits of Luxottica Group's Ray-Ban trademarks (the "Counterfeit Merchandise"). Through this action, Luxottica Group seeks to address Defendants' counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise. Luxottica Group has been and continues to be irreparably harmed through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' unlawful actions.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves trademark claims arising under 15 U.S.C. §§ 1114 and 1125 (the "Lanham Act").

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside, have a principal place of business, and continue to infringe Luxottica Group's famous trademarks in this Judicial District.

## PARTIES

4. Plaintiff Luxottica Group S.p.A. is an Italian corporation with its principal place of business in Milan, Italy.

5. Defendant L&L Wings, Inc. is a South Carolina corporation authorized to do business and doing business in the State of Florida with a principal place of business located at 2800 NW 125th Street, Miami, Florida 33167.  Defendant L&L Wings, Inc. is the registered owner of the fictitious name "Wings", and uses that fictitious name in the operation of its "Wings" beachwear retail stores in Florida, California and other locations throughout the United States.  As alleged herein, L&L Wings, Inc. is directly engaging in the promotion and sale of counterfeit and infringing products within this Judicial District and elsewhere.

6. Upon information and belief, Defendant Shaul Levy ("Levy") is a resident of Miami-Dade County, Florida.  Levy is a principal, officer, manager and director, and the moving force behind L&L Wings Inc.'s operations.

## FACTUAL ALLEGATIONS

A.      **The World-Famous Luxottica Brands and Products**

7.      Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

8.      Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

9.      Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Florida.

10.     Luxottica Group has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to, those detailed in this Complaint.

11.     Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks. As a result, products bearing the Ray-Ban Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

12.     Luxottica Group is the owner of the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* | For: sunglasses, shooting Glasses, and ophthalmic lenses, in class 9. |
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles, in class 9. |
| 1,093.658 | *Ray-Ban* | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles, in class 9. |
| 1,320,460 | *Ray-Ban* (circle logo) | For: sunglasses and carrying cases therefor, in class 9. |
| 1,726,955 | *Ray-Ban* | For: bags; namely, tote, duffle and all purpose sports bags, in class 18. For: cloths for cleaning ophthalmic products, in class 21. For: clothing and headgear; namely, hats, in class 25. |
| 2,718,485 | RAY-BAN | For: goods made of leather and imitation Leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards, in class 18. For: clothing for men and women, namely, polo shirts; headgear, namely, berets and caps, in class 25. |
| 3,522,603 | *Ray-Ban* (red box) | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |
| 590,522 | G-15 | For: Sunglasses and ophthalmic lenses, in class 9. |
| 1,511,615 | LUXOTTICA | For: Eyeglasses, sunglasses, temples and eyeglass frames, in class 9. |

ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602 | Aventura, Florida 33180 | 305.602.2008

13. Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Trademarks.[1]  These registrations are valid and subsisting and the majority are incontestable.

14. The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the marks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

16. The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.     Defendants' Infringing Conduct**

       **1.     Counterfeit Sales in California**

18. On April 26, 2019, Luxottica Group's investigator visited Defendants' "Wings 104" store located at 401 Mission Ave., Oceanside, California 92103.  During that visit, the investigator discovered that Defendants were advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban Trademarks.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

19. Luxottica Group's investigator purchased one pair of "New Wayfarer Classic" sunglasses for the discounted price of $125.60 plus tax, and one pair of "Clubmaster" sunglasses for the discounted price of $134.64 plus tax, each bearing counterfeits of one or more of the Ray-Ban Trademarks. Photographs of the counterfeit sunglasses and accessories that were purchased are depicted below:

 

20. On April 26, 2019, Luxottica Group's investigator visited Defendants' "Wings 103" store located at 4948 Newport Ave., San Diego, California 92103. During that visit, the investigator discovered that Defendants were advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban Trademarks.

21. Luxottica Group's investigator purchased one pair of "Clubmaster" sunglasses for the discounted price of $134.64 plus tax, bearing counterfeits of one or more of the Ray-Ban Trademarks. A photograph of the counterfeit sunglasses and accessories that were purchased is depicted below:



22.     On April 26, 2019, Luxottica Group's investigator visited Defendants' "Wings 101" store located at 3136 Mission Blvd., San Diego, California, 92109.   During that visit, the investigator discovered that Defendants were advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban Trademarks.

23.     Luxottica Group's investigator purchased one pair of "Clubmaster" sunglasses for the discounted price of $134.64 plus tax, bearing counterfeits of one or more of the Ray-Ban Trademarks.   A photograph of the counterfeit sunglasses and accessories that were purchased is depicted below:



### 2. Counterfeit Sales in Florida

24. On May 3, 2019, Luxottica Group's investigator visited Defendants' "Wings 303" store located at 2020 NE 2nd Street, Deerfield Beach, Florida 33441. During that visit, the investigator discovered that Defendants were advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban Trademarks.

25. Luxottica Group's investigator purchased one pair of "Aviator" sunglasses for the discounted price of $147.20 plus tax, and one pair of "Aviator" sunglasses for the discounted price of $155.84 plus tax, each bearing counterfeits of one or more of the Ray-Ban Trademarks. Photographs of the counterfeit sunglasses and accessories that were purchased are depicted below:



26. On May 6, 2019, Luxottica Group's investigator visited Defendants' "Wings 335" store located 4392 NE Ocean Blvd., Jensen Beach, Florida 34957. During that visit, the investigator discovered that Defendants were advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban Trademarks.

27. Luxottica Group's investigator purchased one pair of "Aviator" sunglasses for the discounted price of $156.00 plus tax, bearing counterfeits of one or more of the Ray-Ban Trademarks. A photograph of the counterfeit sunglasses and accessories that were purchased is depicted below:



28. On May 7, 2019, Luxottica Group's investigator visited Defendants' "Wings 328" store located at 201 Lincoln Road, Miami Beach, Florida 33139. During that visit, the investigator discovered that Defendants were advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban Trademarks.

29. Luxottica Group's investigator purchased one pair of "Wayfarer" sunglasses for the discounted price of $177.60 plus tax, bearing counterfeits of one or more of the Ray-Ban Trademarks. A photograph of the counterfeit sunglasses and accessories that were purchased is depicted below:



30.     Luxottica Group subsequently inspected each of the purchased items and determined that the sunglasses and related accessories bearing reproductions of the Ray-Ban Trademarks were in fact counterfeit products that infringed one or more of Luxottica Group's Ray-Ban Trademarks.

31.     Defendants have no license, authority, or other permission from Luxottica Group to use any of the Ray-Ban Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

32.     The forgoing acts of the Defendants constitutes direct and willful trademark infringement in violation of federal law.

33.     The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group.

34.     The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

35. Defendants are well-aware of the extraordinary fame and strength of the Ray-Ban brand, the Ray-Ban Trademarks, and the incalculable goodwill associated therewith.

36. Defendant Levy has materially contributed to and facilitated the above-described infringement of the Luxottica Group's Ray-Ban Trademarks by having permitted the offering for sale and the sale of Counterfeit Merchandise by L&L Wings, Inc. through (i) Defendant Levy's knowledge of the offering for sale and the sale of the Counterfeit Merchandise, (ii) Defendant Levy's constructive knowledge of the offering for sale and the sale of the Counterfeit Merchandise or, alternatively, (iii) Defendant Levy's willful blindness to the offering for sale and the sale of the Counterfeit Merchandise.

37. Defendants' knowing and deliberate hijacking of Luxottica Group's famous marks, and sale of Counterfeit Merchandise have caused, and continues to cause, substantial and irreparable harm to Luxottica Group's goodwill and reputation. In addition, the damages caused by Defendants are especially severe because the Counterfeit Merchandise was cheap and inferior in quality to products bearing authentic Ray-Ban Trademarks.

38. The harm being caused to Luxottica Group is irreparable and Luxottica Group does not have an adequate remedy at law. Luxottica Group therefore seeks the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendants.

39. Luxottica Group also seeks damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica Group's Trademarks.

## COUNT I
## Trademark Counterfeiting
## (15 U.S.C. § 1114)

40.     Luxottica Group repeats and realleges the allegations set forth in Paragraphs 1 through 39 above.

41.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of Luxottica Group's Ray-Ban Trademarks.

42.     Defendants have promoted, advertised, offered for sale and sold products bearing counterfeits of one or more of Luxottica Group's Ray-Ban Trademarks without Luxottica Group's permission.

43.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group.

44.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

45.     Defendants have directly and willfully infringed Luxottica Group's Ray-Ban Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602 | Aventura, Florida 33180 | 305.602.2008

## COUNT II
### False Designation of Origin (15 U.S.C. § 1125(A))

46. Luxottica Group repeats and realleges the allegations set forth in Paragraphs 1 through 39 above.

47. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Merchandise has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Luxottica Group or the origin, sponsorship, or approval of Defendants' Counterfeit Merchandise by Luxottica Group.

48. By using Luxottica Group's Ray-Ban Trademarks on the Counterfeit Merchandise, Defendants created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Merchandise.

49. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Merchandise to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

50. Luxottica Group has no adequate remedy at law and, if Defendants' actions are not enjoined, Luxottica Group will continue to suffer irreparable harm to its reputation and the goodwill of the Ray-Ban brand.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Luxottica Group S.p.A. respectfully requests that this Court enter judgment in its favor and against Defendants L&L Wings, Inc. and Shaul Levy, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114 and 1125);

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their agents, employees, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

1. importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Luxottica Group's Ray-Ban Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Luxottica Group's rights in the Ray-Ban Trademarks;

2. engaging in any other activity constituting unfair competition with Luxottica Group, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica Group;

C. Requiring Defendants to file with this Court and serve on Luxottica Group within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product

at issue in this action that has been imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Luxottica Group, or is related in any way with Luxottica Group and/or its products;

E.  Awarding Luxottica Group statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F.  Awarding Luxottica Group its costs, investigatory fees, and expenses;

G.  Awarding Luxottica Group pre-judgment interest on any monetary award made part of the judgment against Defendants; and

H.  Awarding Luxottica Group such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group requests a trial by jury in this matter.

Dated this 24th day of May 2019.

Respectfully submitted,

By: /s/ David B. Rosemberg
David B. Rosemberg, P.A. (0582239)
david@rosemberglaw.com
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, Florida 33180
Telephone: 305.602.2008
Facsimile:   305.602.0225

*Counsel for Luxottica Group S.p.A.*

4822-3315-5736, v. 1